IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON PLANT LLC,<br><br>    Petitioner,<br><br>  v.<br><br>BATZER CONSTRUCTION, INC. AND THE AMERICAN ARBITRATION ASSOCIATION,<br><br>    Respondents. | No. 3:15-cv-01966-CRB<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION TO TRANSFER** |

Petitioner Anderson Plant, LLC moves to remand this action to the Superior Court for the County of San Francisco. Amend. Remand Mot. (dkt. 21) at 1. Anderson Plant originally filed its Petition to Vacate Arbitration Award (the "Petition") in that Court before Respondent Batzer Construction, Inc. removed to this Court. See Notice of Removal (dkt. 1) ¶¶ 1–2; see generally Petition (dkt. 1-2). Batzer Construction requests that the Court deny the motion to remand and instead transfer the action to the United States District Court for the Eastern District of California, since the Eastern District previously considered a related dispute between the parties. See Transfer Mot. (dkt. 17) at 1–2. For the reasons discussed below, the Court GRANTS the motion to remand, and DENIES AS MOOT the motion to transfer.

//

## I.   BACKGROUND

Anderson Plant and Batzer Construction entered into a contract (the "Contract") in May 2011 for Batzer Construction to perform construction work on property owned by Anderson Plant. See generally Doherty Decl. (dkt. 12), Ex. A (dkt. 12-1) at Ex. A; Loiselle Decl. (dkt. 7-1)[1] ¶ 2.  After Batzer Construction failed to complete the work pursuant to the Contract, Anderson Plant withheld payment from, and then sued, Batzer Construction on several contract and tort claims (the "Contract Action").  Remand Memo. (dkt. 19) at 4; Loiselle Decl. ¶ 3.  Batzer Construction asserted counterclaims against Anderson Plant. Loiselle Decl. ¶ 3.  The parties subsequently agreed to resolve all the claims in the Contract Action through arbitration.  See id. ¶ 4.

While that arbitration was pending, in August 2013, Anderson Plant initiated a separate action in the Superior Court for Shasta County (the "Licensure Action") when Anderson Plant discovered that Batzer Construction might not have been properly licensed to perform the work it did under the Contract.  See generally Doherty Decl., Ex. A.  Anderson Plant sought as relief, inter alia, the disgorgement of nearly $4.5 million it had paid to Batzer Construction, as permitted by Cal. Bus. & Prof. Code § 7031 ("Section 7031").  See id., Ex. A ¶ 18.  Batzer Construction and its co-defendant Fidelity and Deposit Company of Maryland removed the Licensure Action to the Eastern District.  See Doherty Decl., Ex. B (dkt. 12-3) at 1.  Batzer Construction then moved to stay the Licensure Action and compel arbitration as to the central issue of the case: whether Batzer Construction was a properly licensed contractor under Cal. Bus. & Prof. Code § 7000, et seq.  See Anderson Plant, LLC v. Batzer Constr., Inc., No. 2:13–cv–02109–KJM–CMK, 2014 WL 800293, at *1 (E.D. Cal. Feb. 27, 2014).  The Eastern District held that the Federal Arbitration Act ("FAA") governed the Contract as to the arbitrability of that issue, and, accordingly, compelled the Licensure Action to arbitration.  Id. at *3–4.

---

[1] Batzer Construction filed the Loiselle Declaration in connection with its opposition to the Petition (dkt. 7).  Because the declaration was not submitted in connection with the motion to remand, the Court relies on the Loiselle Declaration here for the limited purpose of establishing the factual background of the parties' dispute.

2

Following a three-day hearing on the licensure issue, a panel of arbitrators determined that Batzer Construction was not properly licensed, but had substantially complied with California's licensure requirements. See Resp.'s Suppl. Ex. A to Notice of Removal (dkt. 28) (the "Arbitration Decision") at 9; see also Cal. Bus. & Prof. Code § 7031(e). Because the arbitration took place in San Francisco, Anderson Plant filed the Petition pursuant to Cal. Civ. Proc. Code § 1292.2 in the Superior Court for San Francisco County, rather than Shasta County—the venue for both the Contract and Licensure Actions. See Petition at 1. Batzer Construction[2] removed the Petition on May 1, 2015, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal at 1; see also 28 U.S.C. § 1441(b). Anderson Plant timely moved to remand the Petition on June 1, 2015. See Remand Mot. (dkt. 11);[3] 28 U.S.C. § 1447(c).

## II. LEGAL STANDARD

### A. Motion to Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the evidence, that removal is proper." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

---

[2] Anderson Plant also named The American Arbitration Association (the "AAA") as a co-respondent in the Petition, see Petition, but the AAA has not taken a position regarding the removal of the Petition because "the AAA maintains that it is an unnecessary party to this litigation." Notice of Removal, Ex. C (dkt. 1-21) at 1. "All defendants must join in a removal petition with the exception of nominal parties." Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986); see also 28 U.S.C. § 1446(b)(2)(A). Other courts have considered the AAA a nominal party that does not need to consent for removal to be proper. See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 272 (7th Cir. 1982); York Hanover Holding A.G. v. Am. Arbitration Ass'n, A Division of Airco, Inc., 794 F. Supp. 118, 120–21 (S.D.N.Y. 1992). The AAA does not appear to have anything at stake in the litigation of the Petition, as Anderson Plant seeks only vacatur of the Arbitration Decision. See Petition at 1. Accordingly, the Court does not consider the AAA's lack of consent to removal in deciding the motion to remand.

[3] Anderson Plant filed an Amended Motion to Remand on June 15, 2015 to properly re-notice the hearing date after the case was reassigned to this Court from Magistrate Judge Spero. See Amend. Remand Mot. at 1; Reassignment Order (dkt. 16). The only other substantive change was the addition of a Summary of Argument section in light of the length of Anderson Plant's Memorandum of Points and Authorities. See Remand Memo. at 1–2 (Summary of Argument).

1  The same party also bears "the burden of showing that it has complied with the procedural
2  requirements for removal." Ligutom v. SunTrust Mortg., No. C10–05431 HRL, 2011 WL
3  445655, at *1 (N.D. Cal. Feb. 4, 2011).

4       The removal statute is "strictly construe[d] . . . against removal jurisdiction." Gaus v.
5  Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Where doubt regarding the
6  right to removal exists, a case should be remanded to state court." Matheson v. Progressive
7  Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

8      **B.**    **Motion to Transfer**

9       "For the convenience of parties and witnesses, in the interest of justice, a district court
10 may transfer any civil action to any other district or division where it might have been
11 brought . . . ." 28 U.S.C. § 1404(a). "The party moving to transfer venue under Section
12 1404(a) bears the burden of establishing the factors in favor of transfer." Earth Island
13 Institute v. Quinn, 56 F. Supp. 3d 1110, 1115 (N.D. Cal. 2014) (citing Jones v. GNC
14 Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000)).

15      District courts have discretion "to adjudicate motions for transfer according to an
16 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc.
17 v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622
18 (1964)). Courts must weigh multiple factors in determining whether transfer is appropriate.
19 See Jones, 211 F.3d at 498–99 (citing Stewart Org., 487 U.S. at 29). Such factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

24 Id. (internal citations omitted). "No single factor is dispositive . . . ." Earth Island Institute,
25 56 F. Supp. 3d at 1117 (internal quotations omitted). However, "[t]he defendant must make
26 a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."
27 Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).
28 //

4

### III. DISCUSSION

#### A. Motion to Remand

Anderson Plant asserts three bases for remanding the action: (1) Batzer Construction did not remove the Petition in the time required by 28 U.S.C. § 1446; (2) the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a) is not met here, given the nature of the underlying arbitration award and the relief sought in the Petition; and (3) the Court should decline to exercise jurisdiction under the abstention doctrine set forth in Burford v. Sun Oil Co., 319 U.S. 315 (1943), since federal adjudication of the Petition would interfere with state efforts to regulate contractor licensure requirements. Remand Memo. at 6–13. The Court agrees with the first two of these arguments and accordingly GRANTS the motion to remand.

#### 1. Timeliness of Removal

Anderson Plant argues that Batzer Construction did not timely file the Notice of Removal, since the Petition was not removed until well after the removal period expired. Remand Memo. at 6–7. Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). The parties do not dispute that removal was timely if the date on which the Petition was served is considered the commencement date for the thirty-day removal period. See Remand Memo. at 7; Remand Opp'n (dkt. 20) at 6. Nor could they—Anderson Plant filed the Petition on April 2, 2015, see Petition at 36, and Batzer Construction removed the Petition on May 1, 2015, see Notice of Removal at 4. Thus, even assuming the Petition was served on Batzer Construction the same day the Petition was filed,[4] the removal date would be within the thirty-day period.

But the parties disagree as to whether the Petition itself is an "initial pleading" under Section 1446. Batzer Construction contends that it is. See Remand Opp'n at 6–7. Anderson Plant, however, argues that the Petition is merely a "continuation of" the Licensure Action, such that "the filing of the Petition did not initiate an independent proceeding for removal

---

[4] It is unclear from the record before the Court when the Petition was served on Batzer Construction. Batzer Construction only notes that the Petition was "served shortly []after" the date on which it was filed. Remand Opp'n at 6.

5

purposes . . . ." Remand Memo. at 6. Anderson Plant therefore contends that the thirty-day removal period commenced shortly after August 28, 2013, when Anderson Plant filed the complaint in the Licensure Action. See id. at 6–7; see also Doherty Decl., Ex. A at 1.

The Court finds the Notice of Removal to be untimely, since it was filed more than thirty days after August 28, 2013. Multiple courts have held that a petition filed subsequent to an arbitration award is not a separate proceeding for purposes of removal. See Lesser Towers, Inc. v. Roscoe-Ajax Constr. Co., 258 F. Supp. 1005, 1006–07, 1009–10 (S.D. Cal. 1966) (considering untimely the removal to federal court of a petition to confirm an arbitration award in state court, as petition did not constitute separate proceeding under either the FAA or California Arbitration Act ("CAA")); Williams v. Beyer, 455 F. Supp. 482, 483, 485 (D.N.H. 1978) (applying Lesser Towers to find removal untimely where petition for confirmation of arbitration award and underlying proceeding were both filed in state court).[5] These cases suggest that the FAA "does not require that the proceedings to enforce arbitration and the arbitration award be deemed so separate and independent as to allow the removal to Federal court more than thirty days after the State court is vested with jurisdiction on the filing in that court of the initial judicial proceedings in the matter." Lesser Towers, 258 F. Supp. at 1009–10.

Here, there is no indication that the Petition is "so separate and independent" from the underlying Licensure Action that it constitutes an independent proceeding. See id. The Petition simply seeks to vacate the Arbitration Decision, which found that Batzer Construction had substantially complied with Cal. Bus. & Prof. Code § 7000, et seq. See Petition at 1; Arbitration Decision at 9. And Batzer Construction's compliance with the applicable licensure requirements is the precise issue addressed in the complaint that commenced the Licensure Action. See generally Doherty Decl., Ex. A. Indeed, Batzer Construction already removed the Licensure Action. See Anderson Plant, 2014 WL 800293,

---

[5] Both of these cases involved petitions to confirm arbitration awards, whereas the present case concerns a petition to vacate an arbitration award. Despite this distinction, the Court applies the same logic to find removal untimely, since there does not appear to be any procedural difference between petitions to confirm and vacate arbitration awards.

6

at *1. It should not be able to do so again, since the Petition is essentially a part of the same proceeding, and the deadline for removal has long since passed.

Batzer Construction attempts to distinguish Lesser Towers and Williams on the grounds that those cases involved petitions that were filed in the same courts and as part of the same cases from which the arbitrations originated. See Remand Opp'n at 7. In contrast, Anderson Plant filed the Petition "as a new case in a different venue and within a different federal district from the location where [Anderson Plant] filed its initial complaint . . . ." Id. Batzer Construction further asserts that if the Petition was actually a continuation of the Licensure Action, Anderson Plant should have filed it in either Shasta County Superior Court or the Eastern District. Id. at 6–7.

These arguments are not compelling. As an initial matter, although Lesser Towers and Williams both involved petitions filed in the same cases in the same courts, neither case indicated that such geographic consolidation is necessary for a petition to avoid being considered a separate proceeding. Moreover, Anderson Plant filed the Petition in San Francisco Superior Court not by choice, but out of necessity, as dictated by Cal. Civ. Proc. Code § 1292.2. See Remand Reply (dkt. 24) at 6–7. That provision requires that "any petition made after the commencement or completion of arbitration shall be filed in a court having jurisdiction in the county where the arbitration is being or has been held . . . ." Cal. Civ. Proc. Code § 1292.2 (emphasis added). The arbitration was held in San Francisco, so Anderson Plant was required to file the Petition in San Francisco County, not Shasta County. Remand Reply at 6. And even if the FAA applies here, as Batzer Construction contends, see Remand Opp'n at 4–5, the FAA would have allowed Anderson Plant to file the Petition outside of the Eastern District. See 9 U.S.C. § 10 (permitting party to the arbitration to seek an order vacating the award in "the United States court in and for the district wherein the award was made"). The factual distinctions between this case and Lesser Towers and Williams should not produce a different result than in those cases—namely, that the Petition is not a separate proceeding for purposes of removal. Accordingly, Batzer Construction failed to remove the Petition in the time required by 28 U.S.C. § 1446.

7

### 2. Amount in Controversy

Anderson Plant next argues that the Petition does not satisfy the $75,000 amount-in-controversy requirement because it does not implicate any monetary amount. Remand Memo. at 7–9. Batzer Construction removed the Petition solely pursuant to 28 U.S.C. § 1441(b), see Notice of Removal ¶ 2, which governs actions that are "removable on the basis of the jurisdiction under [28 U.S.C. §] 1332(a) . . . ." 28 U.S.C. § 1441(b)(1). Section 1332, in turn, requires both that the parties be completely diverse, and that the matter in controversy be greater than $75,000. See 28 U.S.C. § 1332(a). Batzer Construction asserts that the parties have principal places of business in different states—Anderson Plant in California, and Batzer Construction in Oregon, Notice of Removal ¶¶ 10–11[6]—and Anderson Plant does not appear to contest this statement. See generally Remand Memo. Thus, the sole question here is whether the amount in controversy in the Petition is greater than $75,000.

Batzer Construction argues that the amount-in-controversy requirement is met because the Petition "seeks to vacate [the] [A]rbitration [D]ecision in an action asserted by Anderson Plant for damages of $4,454,912.62." Notice of Removal ¶ 9. Anderson Plant, however, asserts that the amount in controversy in the Petition is the amount at stake in the Arbitration Decision, not in the underlying Licensure Action. Remand Memo. at 8. According to Anderson Plant, the Arbitration Decision was specifically "limited to determining the narrow, threshold issue of whether Batzer Construction was properly licensed," and was thereby a "zero-dollar arbitration award" that did not award damages to either party. See id. In addition, Anderson Plant argues, the Petition did not seek an award of damages or a re-opening of the arbitration hearing as to Batzer Construction's compliance with Cal. Bus. & Prof. Code § 7000, et seq. Id. at 9; see also Petition at 36.

---

[6] Batzer Construction argues that co-respondent the AAA is "a nominal party with no impact on diversity jurisdiction." Notice of Removal ¶ 12 (citing Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity . . . .")). The Court disregards the AAA in concluding that the parties are completely diverse because the AAA has no stake in this action, as discussed in footnote 3.

8

The Court agrees that this argument provides an additional basis to grant the motion to remand. In deciding the amount in controversy in a petition to vacate, a court should consider "whether the party seeking to vacate an arbitration award also sought to reopen the arbitration." Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 664 (9th Cir. 2004); see also Pac. Metro, LLC v. Le Invs., Inc., No. C13-02216, 2013 U.S. Dist. LEXIS 122036, at *2–3 (N.D. Cal. Aug. 27, 2013) ("Caselaw suggests that the determination whether the jurisdictional amount is based on the amount in controversy in the underlying litigation, or whether it is instead based on the amount of the arbitration award, depends on whether a party seeks to re-open the arbitration proceedings."). A court may also consider whether the petition to vacate seeks an additional award of damages. See Hansen Beverage Co. v. DSD Distribs., Inc., No. 08cv0619–LAB (RBB), 2008 WL 5233180, at *5 (S.D. Cal. Dec. 12, 2008).

Here, the Petition does not seek to reopen the arbitration proceedings on the licensure issue, but only requests that "the [Arbitration] [D]ecision . . . be vacated with instructions to the [arbitration p]anel to find that Batzer Construction violated Section 7031." Petition at 36.[7] In addition, the Petition does not seek an award of damages. The Arbitration Decision found only that Batzer Construction should "be regarded as licensed for purposes of" work done pursuant to the Contract, but did not discuss the effect of the Decision on Anderson Plant's disgorgement request. See Arbitration Decision at 9. Indeed, a scheduling order preceding the arbitration hearing indicated that the arbitration panel would not address disgorgement at the hearing. See Doherty Decl., Ex. D (dkt. 12-6) at 1–2 ("A hearing solely on the issue of Anderson [Plant]'s contention that Batzer [Construction] was not licensed will take place [on certain dates in August 2014]. No other issue will be addressed, including . . . no evidence on . . . any disgorgement . . . .") (emphasis added).

---

[7] Theis Research does not compel a different conclusion here. In that case, although the petitioner seeking vacatur of the arbitration award did not explicitly request a reopening of the arbitration, petitioner's filing of a separate complaint predicated on the same claims resolved by the arbitration was considered to be a reopening in a different form. See Theis Research, 400 F.3d at 665. Here, in contrast, Anderson Plant has sought to vacate the Arbitration Decision in a manner permitted by both federal and state law, and is not attempting to entirely re-litigate the licensure issue. See 9 U.S.C. § 10(a) (party to arbitration may apply for order vacating arbitration award); Cal. Civ. Proc. Code § 1285 ("Any party to an arbitration in which an award has been made may petition the court to . . . vacate the award.").

9

1  Consequently, vacatur of the Arbitration Decision would not, without additional
2  action by the arbitrators, result in a damages award in either party's favor, as the arbitrators
3  explicitly reserved their judgment on damages issues.  The Court therefore looks to the
4  Arbitration Decision to determine the amount in controversy, rather than the amount sought
5  in the underlying Licensure Action.  See Theis Research, 400 F.3d at 664.  And the
6  Arbitration Decision is a zero-dollar arbitration award, the potential vacatur of which does
7  not satisfy the amount-in-controversy requirement.  See Coffey v. Merrill Lynch, Pierce,
8  Fenner & Smith, Inc., No. CV 12–00176 PA (PJWx), 2012 WL 94545, at *3 (C.D. Cal. Jan.
9  11, 2012) (amount-in-controversy requirement not met where plaintiffs "simply request[ed]
10 an order vacating a zero-dollar arbitration award" and neither plaintiffs nor defendant would
11 receive any monetary amount from vacatur of petition); Hansen Beverage, 2008 WL
12 5233180, at *5 (dismissing petition to confirm zero-dollar arbitration award for insufficient
13 amount in controversy).

14  Batzer Construction's argument to the contrary—that the Petition does in fact seek an
15 award of damages—is unavailing.  Batzer Construction fails to address the substance of
16 Anderson Plant's argument that the Arbitration Decision is a zero-dollar award.  See Remand
17 Opp'n at 8.  Instead, Batzer Construction focuses on the explicit language of the Petition,
18 which requests that the arbitration panel be instructed that "as a result [of vacatur of the
19 Arbitration Decision], Batzer Construction is entitled to no compensation pursuant to
20 [S]ection 7031(a) and Anderson Plant is entitled to disgorgement pursuant to [S]ection
21 7031(b)."  Petition at 36.  Because this requested relief would, if granted, likely cause Batzer
22 Construction's damages claim to fail and allow Anderson Plant's disgorgement claim to
23 succeed, Batzer Construction asserts that vacatur of the Arbitration Decision would directly
24 affect the damages available to both parties.  Remand Opp'n at 8.  Batzer Construction
25 argues that the Court should thus consider the amount in controversy in the Licensure Action,
26 not in the Arbitration Decision.  Id.

27  But the Court does not consider these potential effects in determining the amount in
28 controversy in the Petition.  As discussed above, the arbitrators specifically separated the

10

issue of damages and only reached a conclusion as to Batzer Construction's compliance with Cal. Bus. & Prof. Code § 7000, et seq. See Doherty Decl., Ex. D at 1–2. As a result, although vacatur of the Arbitration Decision might have consequences with respect to damages for both parties, those consequences are separate from the only issue addressed in the arbitration: Batzer Construction's liability under Section 7031. The Court does not consider these effects in determining the amount in controversy because they are "collateral consequences . . . ." See Hansen Beverage, 2008 WL 5233180, at *5 ("Any effects that flow from the arbitrator's determination of the rights of the parties . . . are collateral consequences of the arbitration award."); see also Provident Life & Acc. Ins. Co. v. O'Connor, No. 96-56015, 1997 WL 723047, at *1 (9th Cir. 1997) ("'It is well settled that the amount in controversy requirement cannot be met by taking into account any collateral effect which may follow adjudication.'") (quoting Rapoport v. Rapoport, 416 F.2d 41, 43 (9th Cir. 1969)). Accordingly, the Court will remand the Petition on the additional basis that the Court lacks diversity jurisdiction because the amount-in-controversy requirement is not met.

### 3. **Burford** Abstention

Anderson Plant finally argues that the Court should decline to exercise jurisdiction under Burford, 319 U.S. 315, because the Petition's discussion of Section 7031 implicates important state policy matters. See Remand Memo. at 9. Under Burford, courts may "'decline to rule on an essentially local issue arising out of a complicated state regulatory scheme.'" United States v. Morros, 268 F.3d 695, 705 (9th Cir. 2001) (quoting Knudsen Corp. v. Nev. State Dairy Comm'n, 676 F.2d 374, 376 (9th Cir. 1982)). Although there is no "formulaic test for determining when dismissal under Burford is appropriate," Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 727 (1996), the Ninth Circuit generally requires

> first, that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; second, that federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence; and third, that federal review might disrupt state efforts to establish a coherent policy.

Morros, 268 F.3d at 705 (quoting Knudsen, 676 F.2d at 377). The ultimate "question under Burford is whether adjudication in federal court would 'unduly intrude into the processes of

11

state government or undermine the State's ability to maintain desired uniformity.'" Quackenbush, 517 U.S. at 728 (quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 363 (1989)).

Nonetheless, "[a]bstention from the exercise of federal jurisdiction 'is the exception, not the rule . . . .'" Knudsen, 676 F.2d at 376 (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976)); see also Quackenbush, 517 U.S. at 728 ("[T]he power to dismiss recognized in Burford represents an 'extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.'") (quoting Colo. River, 424 U.S. at 813) (internal citations omitted).  Abstention is not mandated by the mere existence of complex state administrative processes, or "'where there is a potential for conflict with state regulatory law or policy.'" City of Tucson v. U.S. W. Commc'ns, 284 F.3d 1128, 1133 (9th Cir. 2002) (quoting New Orleans Pub. Serv., 491 U.S. at 362). "Moreover, a district court cannot abstain merely because there are complex and difficult issues of state law involved in the controversy before it." Id. (citing Meredith v. Winter Haven, 320 U.S. 228, 236 (1943)).

The Court disagrees that Burford abstention provides additional support for the motion to remand, as Anderson Plant has not shown that any of the abstention requirements are met here.  Anderson Plant concedes that suits challenging decisions under Section 7031 have not been concentrated in a particular court.  Remand Reply at 9.  Even accepting Anderson Plant's contention that this is not an actual requirement,[8] the lack of consolidation necessitates a stronger showing by Anderson Plant with respect to the other requirements. See Garamendi, 790 F. Supp. at 953–954 (concentration of suits may be considered as "evidence of state efforts to establish a coherent policy and develop special competence to adjudicate certain questions of state law") (emphasis in original).

---

[8] Anderson Plant relies on a single case from this district to establish that the concentration of suits is not a prerequisite for Burford abstention. See Remand Memo. at 10 (citing Fireman's Fund Ins. Co. v. Garamendi, 790 F. Supp. 938, 953–54 (N.D. Cal. 1992)).  Batzer Construction responds that Garamendi can be disregarded because its discussion of the consolidation requirement is contradicted by Morros, a more recent case.  Remand Opp'n at 10 (citing Morros, 268 F.3d at 705).  Batzer Construction's argument on this point fails, since Morros was simply quoting the factors described in Knudsen, a case that preceded Garamendi.  See Morros, 268 F.3d at 705.  However, the Ninth Circuit has consistently analyzed all three factors even after Garamendi, making Garamendi less persuasive here.  See, e.g., U.S. W. Commc'ns, 284 F.3d at 1133; Morros, 268 F.3d at 705.

But Anderson Plant has provided minimal evidence to support its assertion that (1) federal issues implicated in the Petition "could not be separated easily from complex state law issues with respect to which state courts might have special competence" and (2) that federal review of the Petition "might disrupt state efforts to establish a coherent policy." See Morros, 268 F.3d at 705. Anderson Plant argues that determining whether Batzer Construction has complied with Section 7031 is a "difficult state law question" that should be left to California state courts, since those courts must "perform an enforcement role" with respect to that provision. See Remand Memo. at 10–11.[9] Anderson Plant further contends that adjudication of the Petition in federal court would potentially interfere with the uniform regulatory enforcement of Section 7031 in California state courts, which permit de novo review of arbitration decisions concerning liability under Section 7031. See id. at 11–13 (citing Ahdout v. Hekmatjah, 152 Cal. Rptr. 3d 199 (Cal. Ct. App. 2013)). Batzer Construction responds that no state law issue needs to be resolved, since the Court must only consider whether the Arbitration Decision can be vacated under the FAA. Remand Opp'n at 11. Batzer Construction further argues that the Petition must be adjudicated in federal court, since the FAA governs the licensure dispute, and it would therefore be improper for a state court to review the Arbitration Decision under the CAA. Id.[10]

//

---

[9] Batzer Construction asserts that the Eastern District "explicitly rejected the argument that Batzer [Construction]'s licensure must be determined by a California [s]tate [c]ourt . . . ." Remand Opp'n at 6. But the Eastern District stated only that "plaintiff's argument . . . that the FAA should not be applied to override the strong California policy of protecting the public from unlicensed contractors, is unavailing." Anderson Plant, 2014 WL 800293, at *4 (internal citations and quotations omitted). Because the Eastern District was considering a distinct issue unrelated to Burford abstention, see Remand Reply at 5, the Court does not consider this argument in determining whether Burford abstention is appropriate here.

[10] Batzer Construction also argues that abstention is improper because judicial resolution of the Petition would necessarily affect the contractual damages available to both parties, and Anderson Plant is therefore seeking a leal remedy. See Remand Opp'n at 9–10; Quackenbush, 517 U.S. at 731 ("[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary."). The Court does not accept this argument. As Anderson Plant points out—and as discussed supra in Section III(A)(2)—the damages sought in the Licensure Action are not at issue in the Arbitration Decision. See Remand Reply at 8. Accordingly, by seeking vacatur of the Arbitration Decision, Anderson Plant is only seeking discretionary relief here. See id.

13

Anderson Plant's arguments are unpersuasive. Even if the Court must make certain factual and legal determinations identified by Anderson Plant, see Remand Memo. at 10–11, these are no more than "complex and difficult issues of state law" that do not independently justify abstention. See U.S. W. Commc'ns, 284 F.3d at 1133. And Anderson Plant has presented no evidence suggesting that California state courts enforce Section 7031 in the context of a particularly unique or complex regulatory scheme with which federal review of the Petition would interfere. Burford itself recognized that abstention was appropriate in part because "the Texas courts [we]re working partners with the Railroad Commission in the business of creating a regulatory system for the oil industry." 319 U.S. at 326 (emphasis added). Here, in contrast, Anderson Plant points to a single case, the aforementioned Ahdout, 152 Cal. Rptr. 3d 199, purporting to establish de novo review of arbitration decisions as evidence of a complex regulatory scheme or policy. See Remand Memo. at 11–12. But Ahdout cannot, by itself, satisfy the high standard for abstention as illustrated in Burford.

Moreover, the mere "potential for conflict" between FAA and CAA review standards of arbitration decisions pertaining to Section 7031 is an insufficient basis for abstention. See U.S. W. Commc'ns, 284 F.3d at 1133. In fact, the parties' disagreement as to whether the FAA or CAA applies to the Petition[11] further justifies the rejection of abstention here, since it is unclear how a state court could resolve this question any more effectively than its federal counterpart. See Morros, 268 F.3d at 705 (abstention inappropriate where resolution of action "revolve[d] around whether state law conflicts with federal law, which is plainly not an issue with respect to which state courts might have special competence") (internal quotations omitted). For these reasons, the Court disagrees that the Burford abstention doctrine cuts in favor of the instant motion to remand.

---

[11] Batzer Construction urges the Court to rely on the Eastern District's order compelling arbitration in the Licensure Action and determine that the FAA applies to the present dispute. See Remand Opp'n at 4–5, 11–12. Anderson Plant contends that the Eastern District ruled solely on the issue of the arbitrability of the Licensure Action, and that such order does not extend to review of the Petition. See Remand Reply at 3–4. Because the Court is remanding the Petition, it is unnecessary to decide the question of whether the FAA or CAA applies to its review.

### B. Motion to Transfer

In addition to opposing the motion to remand for the reasons discussed above, Batzer Construction has separately moved to transfer this action to the Eastern District. As an initial matter, the Court rules on the motion to remand before considering the motion to transfer. See Pac. Inv. Mgmt. Co. v. Am. Int'l Grp., Inc., No. SA CV 15–0687–DOC, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015) ("Only in rare circumstances should transfer motions be considered before remand motions."); Vu v. Ortho-McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1153 (N.D. Cal. 2009) ("The [c]ourt must determine whether or not it has subject-matter jurisdiction before considering whether the venue is proper.") (citing Bookout v. Beck, 354 F.2d 823, 825 (9th Cir. 1965)). Having granted the motion to remand, the Court DENIES the motion to transfer as MOOT. See, e.g., Int'l Cultural Exch. Grp. v. Harifa, Inc., No. 5:14–cv–03014–PSG, 2014 WL 5454380, at *1 (N.D. Cal. Oct. 27, 2014) (denying motion to transfer venue as moot after granting motion to remand); O'Grady v. CONMED Corp., No. C 13–5242 CW, 2014 WL 794028, at *1 (N.D. Cal. Feb. 26, 2014) (same).

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to remand, and DENIES AS MOOT the motion to transfer.

**IT IS SO ORDERED.**

Dated: July 29, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE